Reese, J.
delivered the opinion of the court.
The defendant obtained against the complainants, on motion in the Circuit Court of Smith County, a judgment for the non return of an execution, which had been placed in the hands of complainant as sheriff of Smith County for collection. This bill has been filed to enjoin the collection of that judgment. It now satisfactorily appears that the execution, • in point of fact, was duly returned, but was immediately after its return placed in the hands of an attorney by some one, or taken by him into his possession where it remained for some time, and was at length by him returned, not to the Clerk’s office, but to the Sheriff, who had the custody of it without, perhaps; remembering the fact until the term of the Circuit Court at which judgment was rendered against him and the other complainants; when he produced it to the court after the judgment was rendered, and moved for the setting aside of the judgment, which was refused. We say this satisfactorily appears, and if what is shown in this record had been made to appear to the Circuit Court it would unquestionably have been the duty of the Circuit Court t'o.have given judgment in behalf of the complainants. For after the execution had been legally returned to the court the subsequent reception of it by the sheriff from the attorney and its retention in his custody, constituted no official default for which he and his sureties should have been subjected to a judgment by motion. But the grounds here presented by the complainants for relief might have all been presented in their defence. The reason why they were not so presented is stated to be that the complainant Bailey did not remember the reception of the execution from the attorney, Hubbard, and his memory had become dim on the subject of the transaction, so that he did not remember that Hubbard could prove the return. These do not constitute a sufficient ground to come into a Court of Equity. The complainants were not *151 deprived of their defence at law, by the fraud or fault of the defendant in this cause, or by such accident or mistake as in the view of a Court of Chancery, and according to principles well and authoritatively settled in this State and elsewhere, will justify a litigant in a Court of Law, in seeking-relief in a Court of Equity.
The case is extremely hard upon the complainants. The defendant in the execution was insolvent so far as the claim of Mathew Anderson was concerned. The execution was in fact duly returned, and if it was afterwards in the custody of the sheriff, it was not in his official custody. It will be most unjust and- unconscientious in Anderson under the circumstances shown to receive the amount of the judgment at law. But there have been many such hard cases. It is of the utmost public importance that the boundaries of Chancery- jurisdiction, plainly and distinctly established should not be obliterated, and we must therefore repel the complainants from this court, and affirm the decree of the Chancellor.